IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL ACTION NO. |
| v.        ) | 2:12cr59-MHT |
| ) | (WO) |
| ANTOINETTE DJONRET   ) | |
| ANGELIQUE DJONRET    ) | |
| TABITHA STINSON      ) | |
| CHANTRESA HAYES      ) | |
| MELBA WILSON and     ) | |
| COREY MEANS          ) | |

## OPINION AND ORDER

This cause is before the court on an unopposed joint motion to continue by defendants Antoinette Djonret, Angelique Djonret, Tabitha Stinson, Chantresa Hayes, Melba Wilson, and Corey Means, filed on August 21, 2012. The trial is currently set for September 17, 2012. Based on the representations made on the record on August 28, 2012, and for the reasons set forth below, the court finds that jury selection and trial should be continued to January 14, 2013.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v.

Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," id. § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the

2

reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interests of the public and the defendants in a speedy trial. On August 9, 2012, a 48 count superseding indictment was issued against each defendant. The defendants represent that, at the arraignment, each defendant, with the exception of Antoinette Djonret, who was named in the original indictment, was given two electronic discs that included over 9,000 documents in discovery. The defendants have further represented that the government does not object to the continuance.

***

Accordingly, it is ORDERED that:

(1) Defendants Antoinette Djonret, Angelique Djonret, Tabitha Stinson, Chantresa Hayes, Melba Wilson, and Corey

Means' motion for continuance (Doc. No. 92) is granted; and

    (2) The jury selection and trial, now set for September 17, 2012, are reset for January 14, 2013, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

    DONE, this the 28th day of August, 2012.

                                /s/ Myron H. Thompson  
                              UNITED STATES DISTRICT JUDGE