IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v.     ) | 2:12cr59-MHT |
| ) | (WO) |
| ANTOINETTE DJONRET     ) | |

### ORDER

This case is before the court on defendant Antoinette Djonret's petition for early termination of supervised release, which the government and supervising probation officer oppose.  On November 5, 2024, the court held a hearing on the petition.  For the following reasons, the court will grant the petition.

In October 2012, Djonret pled guilty to one count of conspiracy to defraud the government and to one count of aggravated identity theft.  She was sentenced to 144 months' imprisonment followed by three years of supervision.

Djonret has completed 23 months of her three-year term of supervision.  She has successfully maintained

full compliance with all terms of her supervision. She has no substantive violations with one exception. Djonret's one exception to a flawless record is that she has paid less than the $ 150 monthly restitution ordered in her judgment. However, as the government conceded at the motion hearing, this violation is likely not Djonret's fault. The government billed her only $ 75 monthly, and she paid each bill. Therefore, the court will not hold this administrative error against her.

Typically, the court would terminate supervision for a clean record like the one Djonret has maintained, especially after almost two-thirds of her term.

At the hearing, however, the government and probation raised concerns about Djonret's plans to move to Florida in hopes of pursuing a real-estate license and a lead on a job. The court is similarly concerned that her plans to move to Florida and obtain employment are uncertain and abstract. Additionally, the court is troubled by her disclosure that the job she hopes to

obtain in Florida would be as a 1099 contractor, not as a W-2 employee, which (as the court understands from the hearing) could prohibit the State of Alabama from garnishing her wages for moneys owed in state-court cases as they currently do.  Nonetheless, had Djonret not brought her plans to move to Florida to the court's attention, the court would have terminated her supervision due to her clean record.  The court will not curtail Djonret's plans to seek higher pay, since she would have the freedom to move and to pursue better opportunities after supervision regardless.  Moreover, as there is no evidence that Djonret's plan violates any laws, the court will not get enmeshed in the State's wage-garnishment matter.

***

Accordingly, it is ORDERED that:

(1) The petition for early termination of supervised release (Doc. 389) is granted; that defendant Antoinette Djonret's term of supervised

release is terminated; and that defendant Djonret is discharged.

(2) Defendant Djonret's restitution obligation remains outstanding after termination of supervision.

DONE, this the 6th day of November, 2024.

                                      /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**